The STATE OF MONTANA on the relation of STATE HIGHWAY COMMISSION of the State of Montana, et al., Relators, v. The DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT of the State of Montana, in and for the COUNTY OF MINERAL and the HONORABLE VICTOR H. FALL, Presiding Judge thereof, Respondents.

No. 10611
Submitted June 28, 1963. Decided July 11, 1963.
383 P.2d 481.

Daniel J. Sullivan, Helena (argued orally), for relators.

Robert R. Skelton and Thomas P. Hendricks, Missoula (argued orally), for respondents.

PER CURIAM.

Original Proceeding.

On June 18, 1963, relator filed in this court a petition for a writ of prohibition or other appropriate writ. The petition disclosed that following the issuance of remittitur from this court in the case of Dee W. Alexander v. State Highway Comm'n,

Cause No. 10491, 142 Mont. 93, 381 P.2d 780, the plaintiff filed in the district court a motion requesting an order requiring the defendants to deposit the sum of $35,000 plus interest from June 1, 1960, with the district court or to show cause why such sum had not been paid. An order to show cause was issued ex parte by the district court returnable on June 7, 1963. Upon the return day defendants appeared and moved to quash and dismiss the motion on the ground that the motion was insufficient in law and in fact to entitle the plaintiff to the relief sought or any relief. The defendant also made return to the order to show cause and denied that it had any obligation to make the deposit in court.

Thereafter the court denied the motion to quash and to dismiss and made its order to show cause permanent and ordered defendants to forthwith deposit with the court $35,000 plus interest at six percent from June 1, 1960, until so deposited.

It appearing that the order was not appealable and the relator being without a speedy or adequate remedy at law, an alternative writ and order to show cause was issued by this court returnable on June 27, 1963.

Upon the return day, the respondent court made return alleging that the relators' motion to quash and to dismiss the motion was not made or based on any pleadings, papers, matters or things on file in the cause, nor supported by any affidavit or verified pleading and thereby no issue of fact was raised and the motions were necessarily denied. As to the return filed in the district court by the relators the respondent court contended it contained no allegation of fact to show why Article III, § 14, of the Constitution of the State of Montana, did not apply.

The fact situation prevailing in the district court action appears in Alexander v. State Highway Comm'n, 142 Mont. 93, 381 P.2d 780, and will not be repeated here.

The district court previously had found, in a quiet title action, that Alexander had a claim for the amount of the fair market value of the concrete mixing plant as it existed on the

property as of June 1, 1960. Alexander then brought an action seeking such damages, and his cause of action was one for damages, though based on two different theories.

Just compensation to Alexander is what that action seeks, and the way to establish such just compensation is to submit the matter to a jury and have them assess the damages. It was Alexander who selected this type of remedy and having made such election he must be bound by it. Having sued for damages, his cause of action must be treated the same as any other damage action, and no right exists to require the relators. to pay into court the amount of damages prayed for in the complaint.

While Alexander's counsel insist in their brief and on oral argument that this is in effect an inverse condemnation action our study of the pleadings, and the entire history of the case from its inception, indicates that it is a damage action as before stated. Because of the unusual nature of Alexander's interest this must be so even though admittedly some similarity in fact, if not in a legal sense, exists with eminent domain.

However, Alexander having elected to bring the type of action he did, one for damages, he cannot change the nature of the action to one of inverse condemnation.

The district court should have properly granted the motions to quash and to dismiss Alexander's motion.

For these reasons the order dated June 14, 1963, in Alexander v. State Highway Comm'n, 142 Mont. 93, 381 P.2d 780, requiring the defendants to make a deposit with the clerk of the court is annulled, set aside and held for naught.

Let a writ of prohibition issue directed to the respondent court prohibiting it from making or entering any order requiring any deposit in the district court action to be made by the State of Montana or any defendant therein, either upon the present motion or upon any type of motion or proceeding that might hereafter be instituted by the plaintiff therein.

It is so ordered.